RICHARD J. IDELL (SBN 069033)
PATRICIA DE FONTE (SBN 223923)
IDELL, BERMAN, SEITEL & RUTCHIK LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

Attorneys for Plaintiff
U2 HOME ENTERTAINMENT, INC.
a California corporation doing business as
NEW IMAGE AUDIO & VIDEO, CENTURY
HOME ENTERTAINMENT and
TAI SENG ENTERTAINMENT (FORMERLY
TAI SENG VIDEO MARKETING)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN JOSE DIVISION         *E-FILED - 8/4/05*

| | |
|---|---|
| U2 HOME ENTERTAINMENT, INC., a California corporation doing business as NEW IMAGE AUDIO & VIDEO, CENTURY HOME ENTERTAINMENT and TAI SENG VIDEO MARKETING<br><br>Plaintiff,<br><br>v.<br><br>FEI QIANG QIN, individually and doing business as FQQ VIDEO RENTAL, FQQ VIDEO RENTAL, a business entity form unknown and DOES 1-200,<br><br>Defendants. | Case No. C 03-05626 RMW<br><br>[~~XXXXXXX~~] [PROPOSED] FINAL JUDGMENT, CONSENT DECREE AND PERMANENT INJUNCTION |

Plaintiff, U2 HOME ENTERTAINMENT, INC., a California corporation doing business as NEW IMAGE AUDIO & VIDEO, CENTURY HOME ENTERTAINMENT and TAI SENG ENTERTAINMENT (formerly TAI SENG VIDEO MARKETING) ("U2" or "Plaintiff"), having duly commenced this action by filing the verified complaint herein and serving certain Defendants, FEI

1  QIANG QIN, individually and doing business as FQQ VIDEO RENTAL, and FQQ VIDEO RENTAL,
2  a business entity form unknown (hereinafter referred to as "Defendants"), alleging violations of its rights
3  in connection with its copyrights including, but not limited to the works identified on Exhibits "A" and
4  "B" to the verified compliant, which Exhibits are hereby incorporated by reference, and service of the
5  verified complaint having been made on the said Defendants, or, acknowledged by the Defendants'
6  signature to this Final Judgment, Consent Decree and Permanent Injunction ("Final Judgment"), and the
7  Plaintiff, and the said Defendants, having agreed to the entry of this Final Judgment, without a trial, and
8  without the adjudication of any issue of fact or law; and the said Parties having consented to the
9  jurisdiction of the Court and having consented to each and every provision, order and decree of this
10 Final Judgment, and this Final Judgment being the result of a compromise of the above matter and
11 having been stipulated to;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over this action for copyright infringement and false designation of origin and has jurisdiction over the parties to this suit, as named and set forth above and below in this Final Judgment. This Court retains jurisdiction over this matter for the purposes of any contempt or other enforcement proceeding stemming from any violation of the permanent injunction or any other provision set forth herein.

2. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants, and their related business entities, and Defendants' officers, directors, shareholders, members, partners, agents, representatives, servants, employees, successors and assigns, and any and all persons acting in concert or participation with them who receive actual notice of this Final Judgment are permanently enjoined and restrained from:

   a. Importing, making, marketing, distributing, selling, offering for sale, renting, leasing and/or otherwise trafficking, including but not limited to over the Internet, ("Trafficking") in Unauthorized copies of audio-visual content and/or products the copyrights to which are owned or licensed by Plaintiff, whether heretofore released or to be released after date of this Final Judgment, (hereinafter collectively referred to as "Plaintiff's Copyrighted Works"), including but not limited to those works listed on the Exhibits "A" and "B" to this Final Judgment. The term "Unauthorized"

includes but is not limited to counterfeit copies and/or imports in violation of Plaintiff's exclusive copyright licenses or other interests.

   b. Otherwise engaging in any other activity related to Plaintiff's Copyrighted Works in any manner which is likely to cause others to falsely believe that Defendants are authorized or approved by or licensed by Plaintiff.

   c. In any manner infringing, or contributing to, or participating in, the infringement by others, of any of the copyrights in Plaintiff's Copyrighted Works in the United States, and from acting in concert with, aiding or abetting others, to infringe any of the said copyrights in any way;

   d. Offering to do any of the acts enjoined in subparagraphs (a) through (c) above.

   e. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) though (d).

   f. This Final Judgment shall be effective as to each such work for so long as Plaintiff holds the exclusive rights to or owns a particular work.

  3. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants shall deliver to Plaintiff or Plaintiff's counsel, at no cost to Plaintiff, any and all unauthorized copies of Plaintiff's Copyrighted Works, which are now or later come into the possession, custody or control of Defendants.

  4. The Parties have entered into a written settlement agreement which provides for monetary payments and the Parties agree that the Court shall retain jurisdiction to enforce the terms of that agreement.

  5. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if Plaintiff is required to file any further proceedings to enforce the terms of this Final Judgment, the prevailing party in said proceeding shall be entitled to recover its attorneys' fees and costs in any such proceedings.

  6. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over any subsequent action resulting from any violation of this Final Judgment.

  7. Defendants agree and IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the terms of this Final Judgment shall inure to and be binding up the successors and assigns of both Plaintiff and Defendants.

10. This Final Judgment is entered without prejudice to U2 filing an action for non-dischargeability in the event that the monetary terms of the settlement between the Parties are not fully paid and there is a subsequent bankruptcy.

AGREED AND CONSENTED TO by U2 HOME ENTERTAINMENT, INC. a California corporation doing business as NEW IMAGE AUDIO & VIDEO; CENTURY HOME ENTERTAINMENT and TAI SENG ENTERTAINMENT (FORMERLY TAI SENG VIDEO MARKETING)

Dated: _____, 2005

U2 HOME ENTERTAINMENT, INC.
a California corporation doing business as
NEW IMAGE AUDIO & VIDEO; CENTURY
HOME ENTERTAINMENT and
TAI SENG ENTERTAINMENT (FORMERLY
TAI SENG VIDEO MARKETING)

By: ALAN T. HUIE

Its: GENERAL COUNSEL

AGREED AND CONSENTED TO by FQQ VIDEO RENTAL and Mr. Fei Qiang Qin, individually and doing business as FQQ Video Rental:

Dated: 5/13, 2005

FQQ VIDEO RENTAL

By: _____

Its: _____

Dated: 5/18, 2005

By: Fei Qiang Qin

APPROVED AS TO FORM BY COUNSEL:

Dated: May 31, 2005            IDELL, BERMAN, SEITEL & RUTCHIK LLP

_____
Richard J. Idell
Attorneys for Plaintiff

Dated: _____, 2005

By: _____
Attorneys for Defendants

IT IS SO ORDERED.

Dated: 7/26/05            /S/ RONALD M. WHYTE
_____
JUDGE OF THE UNITED STATES DISTRICT COURT

Dated: June 1, 2005            IDELL, BERMAN, SEITEL & RUTCHIK LLP

By: _____
Richard J. Idell
Patricia De Fonte
Attorneys for Plaintiffs
U2 HOME ENTERTAINMENT, INC.
a California corporation doing business as
NEW IMAGE AUDIO & VIDEO; CENTURY
HOME ENTERTAINMENT and TAI SENG
ENTERTAINMENT (formerly TAI SENG VIDEO
MARKETING)